# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **LAKESHIA RASHAWN EDMOND,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-521-O-BP |
| | § | |
| **EECO,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Lakeshia R. Edmond filed this case and an Application to Proceed in District Court Without Prepaying Fees or Costs on May 25, 2023. ECF Nos. 1, 3. On that same day, the case was preliminarily assigned to the undersigned under Special Order No. 3. ECF No. 4. In her financial affidavit, Edmond declared that she received $1,823.00 per month in disability payments. ECF No. 3 at 2. She listed no dependents. The applicable poverty guideline for a family of one is $13,590.00. Edmond's total annual household income of $21,876.00 is far above the poverty level for a family of one. Based on the information in the application, the Court determined that Edmond has sufficient resources to pay the filing and administrative fees. ECF No. 7. Accordingly, the Court ordered Edmond to pay the required $402 filing and administrative fees to the Clerk of Court on or before June 21, 2023, and if she failed to do so, denial of leave to proceed *in forma pauperis* would be recommended. *Id.* The Court warned Edmond that if did not pay the fees, "this case will be subject to dismissal without prejudice as provided by Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* As of the date of this Order, Edmond has not obeyed the Court's previous order and paid the $402 filing and administrative fees to the Clerk.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b), Edmond did not comply with that order and pay the filing and administrative fees. Absent compliance with the Court's orders, this case cannot proceed. Because nothing indicates Edmond's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on June 27, 2023.

                                                           Hal R. Ray, Jr.
                                                           UNITED STATES MAGISTRATE JUDGE